**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ROBERT L GOSSETT,

        Petitioner,

v.                                                                  Case No:   6:25-cv-1805-CEM-LHP

WMBT FOUNDATION,

        Defendant

---

**ORDER**

Before the Court is Plaintiff's Motion for Default Final Judgment.   Doc. No. 19.   Defendant is subject to Clerk's default, and has not responded to the motion or otherwise appeared in the matter.   Doc. No. 18; Local Rule 3.01(c), (d). However, upon consideration, Plaintiff's motion (Doc. No. 19) will be **DENIED without prejudice**, for the reasons that follow.

Plaintiff Robert L. Gossett instituted this action on September 17, 2025.   Doc. Nos. 1, 2.   Plaintiff brings one claim against Defendant WMBT Foundation, a Colorado corporation, for breach of contract.   Doc. No. 2, at 5–6.   According to the complaint,[1] Plaintiff responded to an advertisement by Defendant in June 2025,

---

[1] "Pursuant to the Federal Rules of Civil Procedure and case law, on a motion for

and was placed in touch with "Gina," Defendant's authorized representative. *Id.* ¶¶ 6–10. At Gina's direction, Plaintiff registered for a trading account with Defendant for trading cryptocurrency contracts. *Id.* ¶¶ 11–15. Plaintiff alleges that at this point, a contract was formed between the parties, as evidenced by a "User Agreement" attached to the complaint. *Id.* ¶¶ 16–18; *see* Doc. No. 2-1. Plaintiff says that a PDF of the User Agreement was unavailable on Defendant's website, so he cut-and-pasted the text into the exhibit format. Doc. No. 2 ¶ 18. The document attached to the complaint contains several footnotes that appear to have been added by Plaintiff and/or his counsel. Doc. No. 2-1. The User Agreement relates to the registration for and use of Defendant's website, and it does not appear to speak to any trade agreement between the parties. *Id.*

Plaintiff alleges that by Gina's direction, he transferred $2,500 to his account with Defendant, and between June 27, 2025 and August 19, 2025, he transferred $95,000 to Defendant using its website platform. Doc. No. 2 ¶¶ 21–22. During this time frame, Plaintiff made crypto-currency contract investment trades, yielding a net profit of $2,180,781.23. *Id.* ¶ 23. As of August 19, 2025, Plaintiff alleges that Defendant retained possession of $2,275,781.83 of his funds. *Id.* ¶ 24. Despite multiple requests, however, Defendant failed or refused to release the funds. *Id.*

---

default judgment the Court accepts the facts alleged in the Complaint as true." *Power-Sonic Corp. v. Filho*, No. 6:11-cv-1659-36KRS, 2012 WL 13137048, at *1 (M.D. Fla. June 20, 2012) (citing Fed. R. Civ. P. 55(b)(2)).

¶¶ 27–29. Plaintiff claims that this resulted in a breach of the User Agreement attached to the complaint, and he seeks to recover all of the net profits by this lawsuit, plus prejudgment interest, costs, and attorneys' fees. *Id.* ¶¶ 28–30 & p.6.

Given that Clerk's default was entered against Defendant, Plaintiff now seeks default judgment. Doc. No. 19; *see also* Doc. No. 18. The motion is based on breach of the User Agreement attached to the complaint, with Plaintiff acknowledging that the complaint does not allege where the contract was executed. Doc. No. 19, at 6. In conclusory fashion, Plaintiff says that Defendant breached the parties' contract under either Florida or Colorado law, seeks his alleged lost profits, and asks for prejudgment interest on that liquidated sum. *Id.* at 6–9. Plaintiff submits an Affidavit of Amount Due in Support of His Motion for Default Final Judgment, which also states in conclusory fashion that Defendant is indebted to him in the amount of $2,275,781.83, and that he is owed prejudgment interest and costs. Doc. No. 19-1. Plaintiff also attempts to add facts to the complaint through his affidavit, including that when he opened his cryptocurrency trading account with Defendant by accessing its website, he was in his Florida home. *Id.* ¶ 8. Plaintiff further submits prejudgment interest calculations under Florida law. Doc. No. 20.

Upon consideration, there are several deficiencies with Plaintiff's motion that prevent the undersigned from recommending entry of default.[2] First, although

---

[2] Before entering default judgment, the Court must ensure that it has jurisdiction

- 3 -

subject matter jurisdiction has been adequately established based on the diversity of citizenship between the parties, Plaintiff fails to address or establish that the Court would have personal jurisdiction over Defendant, a Colorado corporation. Doc. No. 19. "[W]hen deciding a motion for default judgment, the Court has an affirmative duty to evaluate personal jurisdiction." *Fitzgerald v. Defendant 1*, No. 24-21925-CV, 2026 WL 575168, at *4 (S.D. Fla. Mar. 2, 2026) (citing, *inter alia*, *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999) ("A defendant may defeat subsequent enforcement of a default judgment in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction even if the court entering the default determined that it had personal jurisdiction over the defendant.")).

Second, even if personal jurisdiction were established, Plaintiff's choice of law analysis is deficient. Doc. No. 19. Plaintiff never fully explains what jurisdiction's law would apply to his breach of contract claim, and instead states, without citation to legal authority in support, that "[t]here is no difference in general contract law between Florida and Colorado." *Id.* at 8. Further, to the extent that Plaintiff claims Florida law would apply, Plaintiff cannot add allegations

---

over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "Therefore, a court must conduct an analysis to determine whether the well-pleaded factual allegations of the plaintiff's complaint provide a sufficient basis for a judgment against the defendant." *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206).

to the complaint by affidavit, so his attempt to do so here to establish that any contract was executed in Florida is insufficient to support default judgment. Doc. No. 19-1 ¶ 8. *See Pinnacle Towers LLC v. airPowered, LLC*, No. 5:15-cv-81-Oc-34PRL, 2015 WL 7351397, at *2 (M.D. Fla. Nov. 20, 2015) (finding that the assertion of new facts in motion for default judgment and supporting affidavit was an impermissible attempt to amend the complaint); *Sabili v. Chase Hotel Mgmt., LLC*, No. 6:10-cv-807-Orl-31KRS, 2011 WL 940230, at *3 (M.D. Fla. Feb. 28, 2011), *report and recommendation adopted*, 2011 WL 940207 (M.D. Fla. Mar. 17, 2011) (finding that because certain assertions of fact were in an affidavit attached to motion for default judgment and were not alleged in the complaint, defendant was not deemed to have admitted them by virtue of its default).

Third, Plaintiff does not address how the allegations of the complaint and the attached exhibits demonstrate that he has a breach of contract claim, under either Florida or Colorado law. Doc. No. 19. Indeed, the motion never addresses whether Plaintiff establishes the elements of his claim. *Id.* at 6–8. And the Court has doubts, particularly where the complaint is premised entirely on recovery of lost profits based on a breach of the attached User Agreement, *see* Doc. No. 2, and the User Agreement governs use of a website and does not appear to speak to any trading contract terms between the parties or recovery of profits, Doc. No. 2-1.[3]

---

[3] The Court notes that Plaintiff brings no other claim outside of the breach of

Plaintiff must explain how he meets the elements of a breach of contract claim by citation to the allegations of the complaint, attached exhibits, and applicable law, and establish how such law would entitle him to the recovery he seeks, to include his alleged lost profits and prejudgment interest.

Fourth, unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the Court must determine both the amount and character of damages to be awarded. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought. *See id.* Here, however, Plaintiff's motion is deficient when it comes to the damages he seeks, in particularly as to lost profits, as his evidence on lost profits is entirely conclusory, and Plaintiff simply provides a lump sum without explanation. *See, e.g., Almeira v. GB House, LLC*, No. 8:14-cv-00045-T-27AEP, 2014 WL 1366808, at *1 (M.D. Fla. Apr. 7, 2014) ("Conclusory affidavits are insufficient to establish the amount of damages upon default judgment."); *Natures Way Marine, LLC v. N. Am. Materials, Inc.*, No. CIV. A. 08-0005-WS-B, 2008 WL 801702, at *4 (S.D. Ala. Mar. 24,

---

contract claim in the complaint. *Cf. Fitzgerald v. Defendant 1*, No. 24-21925-CV, 2026 WL 575168, at *5-7 (S.D. Fla. Mar. 2, 2026) (granting default judgment on unjust enrichment, conversion, and constructive trust claims based on cryptocurrency trading scheme); *Bowen v. Li*, No. 23-CV-20399, 2023 WL 4623594, at *6 (S.D. Fla. July 18, 2023) (granting default judgment on conversion and unjust enrichment claims based on cryptocurrency trading scheme).

2008) ("The Court will not rubber stamp damages figures whose origins, meaning, and constituent parts are indeterminate and unexplained.   It is incumbent on plaintiff, as the party seeking default judgment, to make a detailed evidentiary showing of damages, beyond mere conclusory statements. . . .").   Outside of one sentence in his Affidavit, Plaintiff also fails to sufficiently establish entitlement to the stated costs.   *See* Doc. No. 19-1 ¶ 6.

For these reasons, Plaintiff's motion (Doc. No. 19) is **DENIED without prejudice**.   Plaintiff shall file a renewed motion within **twenty-one (21) days** of the date of this Order.   Alternatively, by this same deadline, Plaintiff may file an amended complaint, should he deem it necessary to do so.

If Plaintiff files a renewed motion for default judgment, he must establish, by citation to legal authority, entitlement to default judgment on the claim raised in the complaint.   A renewed motion shall be supported by a memorandum of legal authority setting forth the applicable law and the elements of Plaintiff's claim, and demonstrating how the well pleaded allegations of the complaint establish each of the elements of the claim for which Plaintiff seeks default judgment.   In making this showing, Plaintiff must provide pinpoint citations to the portions of the complaint (by paragraph number) that establish each of those elements.   A renewed motion must also address, by citation to the complaint, attachments, legal

authority, and evidence, each of the issues outlined in this Order, including, but not limited to, choice of law and personal jurisdiction.

Plaintiff must attach any evidence to a renewed motion that he wishes the Court to consider — the renewed motion must be a stand-alone document and may not incorporate by reference a prior motion. *See* Local Rule 3.01(h). Failure to adequately establish liability in a renewed motion, or failure to adequately support the damages sought by citation to evidence and legal authority, will result in a recommendation to the presiding District Judge that the motion be denied.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 8 -