**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ROBERT L GOSSETT,

Petitioner,

v. Case No: 6:25-cv-1805-CEM-LHP

WMBT FOUNDATION,

Defendant

---

## ORDER

Before the Court is Plaintiff's Motion for Enlargement of Time for Service of Process and Embedded Memorandum of Law. Doc. No. 32. By the motion, Plaintiff requests a 90-day extension of the deadline to effect service of process on Defendant, and also asks that a corrected summons issue and that Plaintiff be authorized to effect service on the Florida Secretary of State. *Id.* On review, the motion (Doc. No. 32) will be **GRANTED in part and DENIED in part**.

To the extent that the motion requests an extension of time for service, the motion will be **GRANTED in part**. Plaintiff fails to explain why a 90-day extension is necessary, and given that this case has been pending for almost a year, the Court will permit a final, limited 45-day extension of time to effect service. *See*

Fed. R. Civ. P. 4(m). Accordingly, it is **ORDERED** that Plaintiff shall effect service of process on Defendant, and file proof thereof, on or before **October 8, 2026**. This deadline will not be further extended. Failure to effect service by this deadline, and file proof thereof, will result in a recommendation to the presiding District Judge that this case be dismissed. *See id.*

Upon review of the docket, the Clerk of Court has already issued the new summons. *See* Doc. No. 33. Plaintiff's motion is **DENIED in all other respects**. Insofar as Plaintiff seeks a preemptive order from the Court stating that service on the Secretary of State is authorized, the Court declines to so find at this time, as this is a matter more appropriately addressed on a motion for Clerk's default. *See, e.g.*, *Ocelot Res. Holdings, LLC v. WestJIC, LLC*, No. 8:25-cv-692-CEH-NHA, 2025 WL 3458578, at *3 (M.D. Fla. Dec. 2, 2025) (granting extension of time for service of process, but declining to preemptively speak to whether substitute service was authorized*); see also Ryder Truck Rental, Inc. v. All Ways Auto Transp., LLC*, No. 24-CV-24615-RAR, 2025 WL 1881442, at *3 (S.D. Fla. June 9, 2025) ("Florida Statutes §§ 48.181 and 48.161 do not require prior court authorization to proceed with substitute service. Accordingly, it would be inappropriate for the Court to issue what would essentially be an advisory opinion that Plaintiff has complied with Florida Statutes §§ 48.181 and 48.161 before Plaintiff has even attempted service under these statutory provisions.").

**DONE** and **ORDERED** in Orlando, Florida on August 24, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties